**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION**

| | |
|---|---|
| ANTONIO HILL, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. 4:22-cv-747-RLW |
| | ) |
| RITZ CARLTON ST. LOUIS, | ) |
| | ) |
| Defendant. | ) |

**MEMORANDUM AND ORDER**

This employment discrimination matter is before the Court on self-represented plaintiff Antonio Hill's application to proceed in the district court without prepaying fees or costs. Based on the financial information plaintiff provides in his application, the application will be granted. For the following reasons, the Court will order process to issue on defendant Ritz Carlton St. Louis on plaintiff's complaint.

**Legal Standard on Initial Review**

Under 28 U.S.C. § 1915(e), the Court is required to dismiss a complaint filed in forma pauperis if it is frivolous, malicious, or fails to state a claim upon which relief can be granted. To state a claim for relief, a complaint must plead more than "legal conclusions" and "[t]hreadbare recitals of the elements of a cause of action [that are] supported by mere conclusory statements." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). A plaintiff must demonstrate a plausible claim for relief, which is more than a "mere possibility of misconduct." *Id.* at 679. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 678. Determining whether

a complaint states a plausible claim for relief is a context-specific task that requires the reviewing court to draw on its judicial experience and common sense. *Id*. at 679.

When reviewing a complaint under 28 U.S.C. § 1915(e), the Court accepts the well-pled facts as true. Further, the Court liberally construes the allegations.

### Complaint

Plaintiff, an African-American male, alleges employment discrimination on the basis of race, religion, color, and gender in violation of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §§ 2000e, *et seq*. According to his complaint and EEOC Charge of Discrimination, plaintiff worked for defendant Ritz Carlton St. Louis ("Ritz Carlton") as a hotel steward in the lobby, restaurant, and banquet kitchen from 2019 until his termination on July 6, 2021.

Plaintiff alleges he was sexually harassed by Lauren Gulley, a supervisor at the Ritz Carlton's restaurant Casa Don Alfonso. He states Ms. Gulley asked him to shave his chest hair and followed him around the restaurant during his shift making him feel very uncomfortable. Plaintiff also alleges he was discriminated against because of his sexual preference. Finally, plaintiff alleges racial discrimination. He states that on the date of his termination, he was unable to retrieve his personal belongings from his locker and was escorted off the property by security. Plaintiff alleges he was treated differently because he is an African-American male.

For relief, plaintiff seeks $1,036,000 in damages, including lost wages.

### Discussion

To establish a prima facie case of discrimination under Title VII, plaintiff must show that he:  (1) is a member of a protected class; (2) was qualified for his position; and (3) suffered an adverse employment action under circumstances permitting an inference that the action was the result of unlawful discrimination. *See Johnson v. Ready Mixed Concrete Co.*, 424 F.3d 806, 810

(8th Cir. 2005) (citing *Habib v. NationsBank*, 279 F.3d 563, 566 (8th Cir. 2001)). Having carefully reviewed and liberally construed plaintiff's complaint, the Court finds plaintiff has stated plausible claims against defendant Ritz Carlton under Title VII and will order the Clerk to issue process on the complaint.

Additionally, plaintiff has filed a motion for appointment of counsel, which the Court will deny at this time. There is no constitutional or statutory right to appointed counsel in civil cases. *Nelson v. Redfield Lithograph Printing*, 728 F.2d 1003, 1004 (8th Cir. 1984). In determining whether to appoint counsel, the Court considers several factors, including (1) whether the plaintiff has presented non-frivolous allegations supporting his or her prayer for relief; (2) whether the plaintiff will substantially benefit from the appointment of counsel; (3) whether there is a need to further investigate and present the facts related to the plaintiff's allegations; and (4) whether the factual and legal issues presented by the action are complex. *See Johnson v. Williams*, 788 F.2d 1319, 1322-23 (8th Cir. 1986); *Nelson*, 728 F.2d at 1005.

Plaintiff has presented non-frivolous allegations in his complaint. However, he has demonstrated, at this point, that he can adequately present his claims to the Court. In addition, neither the factual nor the legal issues in the case are complex. The Court will entertain future motions for appointment of counsel as the case progresses.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's application to proceed in the district court without prepaying fees or costs is **GRANTED**. [ECF No. 3]

**IT IS FURTHER ORDERED** that plaintiff's motion for appointment of counsel is **DENIED without prejudice**.  [ECF No. 2]

**IT IS FURTHER ORDERED** that the Clerk of Court is directed to issue process or cause process to issue on the complaint on defendant Ritz Carlton St. Louis by serving its registered agent CT Corporation System, 120 South Central Avenue, Clayton, Missouri 63105.

*Ronnie L. White*
**RONNIE L. WHITE**
**UNITED STATES DISTRICT JUDGE**

Dated this 7th day of October, 2022.