**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION**

| | |
|---|---|
| ANTONIO HILL, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. 4:22-CV-747 RLW |
| | ) |
| RITZ-CARLTON ST. LOUIS, | ) |
| | ) |
| Defendant. | ) |

## MEMORANDUM AND ORDER

This matter is before the Court on Defendant's Motion to Dismiss or, in the Alternative, to Stay Proceedings and Compel Arbitration. (ECF No. 10). While Plaintiff opposes the motion, the Court will not consider his response because it was filed out of time and without leave of the Court. (ECF No. 16). The Court will grant Defendant's motion.

### Background

Plaintiff brings this employment discrimination action against his former employer, the Ritz-Carlton Hotel Company, LLC[1], for alleged violations of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §§ 2000e, *et seq*. (ECF No. 1 at ¶¶ 1, 11). Plaintiff asserts that a fellow employee told him to "shave the hair off [his] chest" and that Defendant wrongfully terminated Plaintiff for complaining about the other employee's harassment. *Id.* at ¶ 12. Plaintiff further alleges that Defendant improperly reprimanded him for engaging in a private telephone conversation about his sexual preferences and that other employees falsely accused Plaintiff of harassing another employee. *Id*. At bottom, Plaintiff contends that Defendant discriminated against

---

[1] In his Complaint, Plaintiff identifies Defendant as "Ritz-Carlton St. Louis." (ECF No. 1). Defendant refers to itself as The Ritz-Carlton Hotel Company, LLC. (ECF No. 11 at 1). If Defendant wishes to amend the caption of the case, it may file a motion to do so.

him on the basis of race, religion, color, and gender. *Id.* at 11. He seeks $36,000 in lost wages and $1 million in punitive damages. *Id.* at ¶ 13.

Plaintiff entered into an employment agreement ("Agreement") with Defendant in September 2019. (ECF No. 11 at 2; ECF No. 11-2). The Agreement provides that Plaintiff must pursue arbitration for any alleged violation of statutory or common law, including wrongful termination claims; sexual harassment claims; and claims for employment discrimination based on age, sex, race, color, national origin, religion, disability, gender identity, political affiliation, or any other characteristic protected by applicable law. (ECF No. 11-2). Under the Agreement, "questions related to procedure (including venue and choice of arbitrator), and arbitrability (that is whether an issue is subject to arbitration under this agreement) shall also be decided by the arbitrator." (ECF No. 11-1 at 7). The following provision appears immediately before Plaintiff's signature:

> I understand that by signing this Agreement, I am agreeing to arbitrate most employment-related claims and am waiving the right to a jury trial, the ability to bring a class or other aggregated claim, and the ability to file a lawsuit based on any claim that is covered by the Arbitration provision in this Agreement.

(ECF No. 11-2).

## Discussion

The Federal Arbitration Act ("FAA"), 9 U.S.C. §§ 1, *et seq.*, governs arbitration agreements. 9 U.S.C. § 2. Under the FAA, an arbitration agreement "shall be valid, irrevocable, and enforceable, save upon such grounds as exist at law or in equity for the revocation of any contract[.]" *Id.* The FAA reflects a liberal federal policy favoring arbitration and the fundamental principle that arbitration is a matter of contract. *AT&T Mobility LLC v. Concepcion*, 563 U.S. 333, 339 (2011) (cleaned up). "[C]ourts must place arbitration agreements on an equal footing with

other contracts and enforce them according to their terms." *Id*. (cleaned up). "[A]ny doubts concerning the scope of arbitrable issues should be resolved in favor of arbitration." *Berkley v. Dillard's Inc.*, 450 F.3d 775, 778 (8th Cir. 2006) (citation and internal quotation marks omitted). Accordingly, where there is an enforceable agreement to arbitrate, federal courts "shall make an order directing the parties to proceed to arbitration." 9 U.S.C. § 4.

Here, Plaintiff contends that Defendant wrongfully terminated him and harassed him on the basis of his race, religion, color, and gender. (ECF No. 1 at ¶ 11). These claims are expressly contemplated by Plaintiff's Agreement with Defendant. (ECF Nos. 11-1, 11-2). Plaintiff does not argue—and there is nothing in the record to suggest—that the arbitration provision is invalid or otherwise unenforceable. Even if Plaintiff made such an argument, the Agreement at issue delegates questions of arbitrability to the arbitrator. (ECF No. 11-1 at 7). The Supreme Court has held that such provisions—commonly referred to as "delegation clauses"—are permissible. *See, e.g., Henry Schein, Inc. v. Archer & White Sales, Inc.*, 139 S. Ct. 524, 528 (2019) ("When the parties' contract delegates the arbitrability question to an arbitrator, the courts must respect the parties' decision as embodied in the contract."). Because the parties have delegated the issue of arbitrability to an arbitrator, the Court "will not short-circuit the process and decide the arbitrability question" itself. *See id*.

## Conclusion

For the foregoing reasons, the Court will grant Defendant's motion to dismiss.[2]

Accordingly,

---

[2] While the FAA generally requires a federal district court to stay an action pending arbitration, a district court may, in its discretion, dismiss an action if it is clear that the entire controversy between the parties will be resolved by arbitration. *Sommerfeld v. Adesta, LLC*, 2 F.4th 758, 762 (8th Cir. 2021). As explained above, the parties' Agreement expressly covers all claims at issue in this case. (ECF Nos. 11-1, 11-2)

3

**IT IS HEREBY ORDERED** that Defendant's Motion to Dismiss or, in the Alternative, to Stay Proceedings and Compel Arbitration is **GRANTED**. (ECF No. 10).

**IT IS FURTHER ORDERED** that this cause of action is **DISMISSED**.

*Ronnie L. White*
**RONNIE L. WHITE**
**UNITED STATES DISTRICT JUDGE**

Dated this 1st day of May, 2023.